UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20727-CR-Middlebrooks/Garber

UNITED STATES OF AMERICA,

v.

LESTER CABALLERO,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    THIS CAUSE was before the Court by Order of Reference from United States District Judge Donald M. Middlebrooks and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by the defendant in this cause. Pursuant to such reference, the Court has conducted a change of plea hearing on January 11, 2011, which was attended by the defendant Lester Caballero, his attorney Jason W. Kreiss, Esquire, and Assistant United States Attorney H. Ron Davidson. The Court hereby advises as follows:

    1. At the commencement of the change of plea proceedings, the Court advised the defendant that he had a right to have these proceedings conducted by the United States District Judge assigned to this case. The defendant was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge, based upon the consent of the defendant, his attorney, and the Assistant United States Attorney to whom this cause is assigned, as evidenced by the filing of a Waiver executed by the defendant, his counsel, and government counsel. The Court advised the defendant that the sentence would be imposed by the District Judge, who would make all findings and

rulings regarding such sentence and would conduct a sentencing hearing at a time scheduled by the District Judge.

2. The defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct the change of plea hearing and could request that it be conducted only by a United States District Judge. All parties and counsel agreed and consented to these proceedings being conducted by the undersigned.

3. The Court then conducted a plea colloquy with the defendant consistent with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. The Court advised the defendant of the maximum sentence possibilities as to Counts 1 through 4 of the Indictment to which he was tendering guilty pleas. The Court also advised the defendant of the mandatory special assessment of $100.00 per count for a total of $400.00, which must be paid at the time of sentencing.

5. The defendant acknowledged that he was satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6. The defendant pled guilty to Counts 1 through 4 of the Indictment, each charging that he did, on dates alleged in the Indictment, "From in or around July 2005, through in or around October 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, Lester Caballero, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud Medicare, a health care benefit program affecting commerce, as defined in Title 18, United States

Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, Medicare." The Indictment sets forth the Purpose of the Scheme and Artifice, The Scheme and Artifice, and Acts in Execution or Attempted Execution of the Scheme and Artifice. The Indictment sets forth, as to each count, the approximate date of the claim, the Medicare Claim Number, and the Items claimed: Item Code; and Approximate Amount Claimed. Said acts and offenses were in violation of Title 18, United States Code, Sections 1347 and 2.

7. The defendant was advised that each of Counts 1 through 4 to which he was pleading guilty, carried a maximum sentence of up to 10 years' imprisonment. In addition thereto, the Court could impose a monetary fine of up to $250,000 as authorized by statute. Further, the defendant, upon completion of his term of imprisonment, would be subjected to a term of supervised release for a period of up to three (3) years. and is subject to forfeiture of properties as set forth in the Indictment.

8. The government filed a factual basis, made part of the record and executed by the government, the defendant and his counsel, for the guilty plea, which consisted of all of the essential elements of the offenses to which the defendant is pleading guilty.

9. The defendant was remanded to the custody of the United States Marshal and was referred to the United States Probation Office for the preparation of a Pre-sentence Report. **Sentencing was scheduled for Tuesday, March 22, 2011, at 10:30 A.M. before U.S. District Judge Donald M. Middlebrooks, in his courtroom on the 11th Floor of the James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Miami, Florida 33132.**

Accordingly, and based upon the foregoing and the plea colloquy conducted in this cause, the undersigned hereby

RECOMMENDS that the defendant be found to have freely and voluntarily entered his guilty pleas as to Counts 1 through 4 of the Indictment, that his guilty pleas be accepted, that he be adjudicated guilty of such offenses, and that a sentencing hearing as set forth above be conducted for a final disposition of this cause.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. See 28 U.S.C. §636.  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 11th day of January, 2011.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE